1  ADRIENNE W. LEE, Cal. Bar No. 265617
   TAWA SUPERMARKET, INC.
2  6338 Regio Ave.
   Buena Park, California 90620
3  Telephone:   714.521.8899
   Facsimile:    714.521.4218
4  Email:        adriennel@tawa.com

5

6  Attorney for Defendant
   TAWA SUPERMARKET, INC.

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 REBECCA CASTILLO,                    Case No.:  2:20-cv-03964-VAP-MRW

              Plaintiff,
12                                       **DEFENDANT TAWA
                                         SUPERMARKET, INC.'S ANSWER
13      vs.                              TO COMPLAINT; DEMAND FOR
                                         JURY TRIAL**
   TAWA SUPERMARKET, INC., a
14 California Corporation; and DOES 1-   Judge: Hon. Virginia A. Phillips
   10, inclusive.
15                                       Action Filed: April 30, 2020
              Defendants.                Trial Date: None Set
16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Tawa Supermarket, Inc. ("Defendant"), in answer to Plaintiff Rebecca Castillo's (hereinafter, "Plaintiff") Complaint, admits, denies and alleges as follows:

**INTRODUCTION:**

1.     Answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

2.     Answering Paragraph 2 of the Complaint, Defendant denies each and every allegation.

3.     Answering Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.     Answering Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.     Answering Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION AND VENUE:**

6.     Answering Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.     Answering Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.     Answering Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

Case No. 2:20-cv-03964-VAP-MRW
ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

9.      Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**PARTIES:**

10.      Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

11.      Answering Paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

12.      Answering Paragraph 12 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

13.      Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14.      Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

15.      Answering Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**VISUALLY-IMPAIRED PERSONS' ACCESS TO THE INTERNET:**

16.      Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17.      Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18.     Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

19.     Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

20.     Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21.     Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

22.     Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

23.     Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

24.     Answering Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**25.**     Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation.

**FACTUAL BACKGROUND**

26.     Answering Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27.     Answering Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28.     Answering Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31.     Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

32.     Answering Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

33.     Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

34.     Answering Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

35.     Answering Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

36.     Answering Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

37.     Answering Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

38.     Answering Paragraph 38 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39.     Answering Paragraph 39 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

40.     Answering Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41.     Answering Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42.     Answering Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**FIRST CAUSE OF ACTION: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. SECTION 12181 *et seq.* (By Plaintiff against all Defendants)**

Answering Paragraph 42 (misnumbered) of the Complaint, Defendant re-alleges and incorporates by reference all paragraphs alleged above.

43.     Answering Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44.     Answering Paragraph 44 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

45.     Answering Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46.     Answering Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47.     Answering Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

48.     Answering Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies the first sentence of Paragraph 28.  each and every allegation.  Answering the second sentence of Paragraph 48 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.  Defendant denies the remainder of the allegations in Paragraph 48 of the Complaint.

49.     Answering Paragraph 49 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE SECTION 51 *et seq.***

50.     Answering Paragraph 50 of the Complaint, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, the responses contained in the above-numbered paragraphs.

51.     Answering Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     Answering Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     Answering Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     Answering Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     Answering Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

56.     Answering Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

57.     Answering Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## **AFFIRMATIVE DEFENSES**
## **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2.      Plaintiff lacks standing to pursue her alleged claims.  To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question.  *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility.").  Here, Plaintiff lacks standing to pursue the alleged claims because, among other reasons, she is not bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future.  Indeed, Plaintiff does not even allege that she attempted to access Defendant's website on a particular date or explain what problems she allegedly encountered.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.      Plaintiff's claims are barred to the extent that they are based on visits to the subject facility and/or utilization of Defendant's services or goods more than two years prior to the date the Complaint was filed.  Cal. Civ. Proc. § 335.1.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The purported barriers provide effective access to Plaintiff. Defendant's website provided effective access to Plaintiff because any alleged noncompliance was *de minimis*, the website was usable and accessible despite its

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

### FIFTH AFFIRMATIVE DEFENSE

#### (Removal of Access Barriers Was Not Readily Achievable)

5.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

### SIXTH AFFIRMATIVE DEFENSE

#### (Defendant Provided Services Via Alternative Methods)

6.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" but Plaintiff never asked for nor sought any assistance.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.     Plaintiff's claims are barred by the doctrine of unclean hands since Plaintiff is not a bona fide patron but a professional plaintiff who filed suit to try to extort a monetary settlement.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Technically Infeasible)

8.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## NINTH AFFIRMATIVE DEFENSE

(Undue Burden)

9.      Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## TENTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

10.     Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought assistance.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

11.     Plaintiff failed to properly mitigate her alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack Plaintiff's damages and therefore is precluded from recovering those alleged damages. and therefore is precluded from recovering those alleged damages

## TWELFTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any

action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

14.     Defendant is informed and believes and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any such claim against Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

15.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Mootness)

16.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Equivalent Facilitation)

17.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Ripeness/Lack of Due Process)

18.     Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

19.     Plaintiff's claims are barred under the doctrine of primary jurisdiction. The Department of Justice has yet to promulgate any standards and/or regulations governing the use of websites.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process)

20.     Plaintiff's claims violate Defendant's constitutional right to due process under the Constitutions of the United States and California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Content on Website is Provided By Another Information Content Provider)

21.     Plaintiff's claims are barred pursuant to 47 U.S.C. Section 230, a provision of the Communications Decency Act, as content on the website is provided by another information content provider.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Effective Communication)

22.     Plaintiff's claims are barred because Defendant provided effective communication.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Indispensable Party)

23.     Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

## PRAYER

WHEREFORE, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiff take nothing by way of her Complaint;

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and

4.      For such further and other relief as the Court may deem just and proper.

Dated:  June 4, 2020

By:  _____/s/ Adrienne W. Lee_____
ADRIENNE W. LEE
Attorney for Defendant

TAWA SUPERMARKET, INC.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated:  June 4, 2020

By:  _____/s/ Adrienne W. Lee_____
ADRIENNE W. LEE
Attorney for Defendant

TAWA SUPERMARKET, INC.